# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN

**JANETTE C. BERNARD,**
                  **Plaintiff**

**v.**                                                        **Civil Action Number**
                                                                   **1:06CV142-J**

**MICHAEL J. ASTRUE, Commissioner,**
   **Social Security Administration,**
                      **Defendant**

## **MEMORANDUM OPINION**

This matter is before the Court on plaintiff Janette Bernard's request for review of the decision of the defendant Commissioner denying her claim to disability insurance benefits and supplemental security income payments. After examining the materials of record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision should be vacated and the matter remanded for further proceedings.

Plaintiff filed her applications in December of 2003, alleging that she had been unable to engage in any substantial gainful employment since December 15, 1998. After a hearing, the Administrative Law Judge ("ALJ") determined that Ms. Bernard's shortness of breath, ganglion cyst (left hand), tenosynovitis (left thumb), and right lateral epicondylitis were severe impairments that prevented her from performing any of her past relevant work. The ALJ further found that Ms. Bernard retained the residual functional capacity for jobs that exist in significant numbers.

If the Commissioner's decision is supported by substantial evidence, the reviewing

Court must affirm. Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991). The Court's obligation to affirm in such a case exists regardless of whether we would resolve the disputed issues of fact differently, and regardless of whether there exists substantial evidence to support the opposite conclusion. Stanley v. Secretary, 39 F.3d 115 (6th Cir. 1994), Tyra v. Secretary, 896 F.2d 1024 (6th Cir. 1990), Mullen v Brown, 800 F.2d 535, 545 (6th Cir. 1986).

      Ms. Bernard argues that the ALJ erred in concluding that her back condition did not represent a severe impairment. The ALJ found that the medical evidence did not support a medically determinable "severe" back condition "which could reasonably be expected to produce the alleged symptoms of which the claimant complains." Tr. 19. In most cases, the question of whether a condition is formally denominated "severe" is of little significance. If any impairment is found severe, the analysis is taken to the next step in the sequential, such that the mere failure to classify a second impairment severe is irrelevant, *so long as the actual impact of that impairment is considered as part of the whole*. Thus, to the extent that Ms. Bernard argues that failure to find her back impairment "severe" could in itself constitute reversible error, she is incorrect. In Maziarz v. Secretary of Health & Human Services, 837 F.2d 240, 244 (6th Cir. 1987), the Court established that there is no error in finding a particular impairment non-severe so long as the effect of that condition is considered in determining whether the claimant "retained sufficient residual functional capacity to allow him to perform substantial gainful activity." However, there is no indication in this case that the effects of any back problem were considered in any way, and the ALJ affirmatively stated that the back problem "alone or in

2

combination" had no more than a minimal effect on Ms. Bernard's ability to perform basic work-related activities. The question, then, is whether substantial evidence supports that determination.

Dr. Garcia, a neurologist, examined Ms. Bernard on September 9, 2004. At that time, Ms. Bernard complained that she had experienced a burning pain in her right leg since late 2003, and that by April 2004, she was also experiencing pain and discomfort in the left thigh. Physical examination revealed reduction of sensation on both thighs, and lack of response on plantar stimulation on both sides. Dr. Garcia also found tenderness around the left femoral nerve and over the anterior superior iliac spine on the left. The impression was, inter alia, left side femoral nerve neuralgia and lumbosacral radiculopathy. Dr. Garcia wanted an MRI "to rule out anything that could be pressing on the nerve roots which could explain the symptoms that she is having." Tr. 218-221.

A September 19, 2004 MRI of the lumbar spine revealed mild to moderate left outlet foraminal narrowing at L3-4, mild narrowing at L5-S1, and a Tarlov cyst in right margin of S2. Tr. 269. On October 14, 2004, she returned to Dr. Garcia. He reviewed with her the fact that the September MRI showed an L3-L4 disc protrusion with foraminal stenosis, a problem that did not appear in her November 2003 MRI. He recommended that she get a neurosurgical opinion, but she "does not want to go through with this. She claims that she will try to tough it out as much as she could tolerate it." Tr. 279.

According to 20 CFR Section 416.921 a "severe" impairment is one that significantly limits the individual's ability to do basic work activities necessary for most jobs, such as walking, standing, sitting, lifting, seeing, hearing and speaking. Classifying an impairment as

"severe" does not mean it is necessarily disabling; rather, it says that it has more than an insignificant impact on ability to do basic work activities.  Ms. Bernard's back problem was the subject of an unambiguous diagnosis arrived at using objective information.  Dr. Garcia considered the problem to be severe enough that he wanted her to consider a surgical repair.  Whether the degree of limitation caused by the impairment is disabling is quite a separate question, one that the ALJ did not reach because he classified the back problem as insignificant in its effect on any basic work activities.  Substantial evidence fails to support that classification.  Because of this error of law, the matter must be remanded for further proceedings.

      An order in conformity has this day entered.